Robert ROSSIO, et al., Plaintiffs,

v.

MASSACHUSETTS MUTUAL LIFE INSURANCE COMPANY, et al., Defendants.

No. CV–F–91–218–REC.

United States District Court, E.D. California.

March 1, 1992.

Joseph Michael Marchini, Baker Manock and Jensen, Fresno, Cal., for Rossio.

James H. Fleming, Seyfarth Shaw Fairweather and Geraldson, San Francisco, Cal., for Massachusetts Mut. Life Ins. Co.

Robert Stephen Wood, Lewis D'Amato Brisbois and Bisgaard, San Francisco, Cal., for Cordrys and NEBS.

## ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANT'S COUNTER–CLAIM

COYLE, Chief Judge.

On December 16, 1991, the court heard plaintiff's motion to dismiss defendant

Massachusetts Mutual's counter-claim. Upon due consideration of the written and oral arguments of the parties, the court now enters its order granting the motion as set forth herein.

## I. *Background*

Plaintiffs in this case are five trustees of, and participants in, a retirement plan set up pursuant to the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq.* (hereinafter "ERISA"). Plaintiffs (hereinafter the "trustees") adopted the prototype pension plan of defendant Massachusetts Mutual (hereinafter "MassMutual") as their own. Defendants National Employee Benefit Services, Inc. (hereinafter "NEBS"), and its shareholders, Thomas W. Cordry, Jr., Helen Cordry, and Thomas W. Cordry, III (hereinafter the "Cordrys") served in the capacity of plan administrators.

On April 29, 1991, the trustees filed a complaint against defendants setting forth 18 claims for relief. MassMutual moved to dismiss the trustees' fifth through eighteenth causes of action on the ground that they were preempted by ERISA. The court granted MassMutual's motion.

On August 22, 1991, the trustees filed their First Amended Complaint against MassMutual, NEBS and the Cordrys wherein they allege four claims for breach of fiduciary duty under ERISA (29 U.S.C. §§ 1104(a)(1)(A), (B), (D) [1], and 1106 [2]) and one claim for equitable relief under ERISA (29 U.S.C. 1132(a)(3) [3]).[4] The trustees contend that MassMutual is a fiduciary and party in interest within the meaning of ERISA [5], that NEBS and the Cordrys were

---

1. Section 1104(a) provides,

   (a)(1) ... a fiduciary shall discharge his duties with respect to a plan solely in the interest of the participants and beneficiaries and—

   (A) for the exclusive purpose of:
   (i) providing benefits to participants and their beneficiaries; and
   (ii) defraying reasonable expenses of administering the plan;

   (B) with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matter would use in the conduct of an enterprise of a like character and with like aims; ....

   (D) in accordance with the documents and instruments governing the plan ...

2. Section 1106 provides,

   (a)(1) ... A fiduciary with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a ...

   (A) sale or exchange, or leasing, of any property between the plan and a party in interest;

   (B) lending of money or other extension of credit between the plan and a party in interest;

   (C) furnishing of goods, services, or facilities between the plan and a party in interest;

   (D) transfer to, or use by or for the benefit of, a party in interest, of any assets of the plan; or

   (E) acquisition, on behalf of the plan, of any employer security or employer real property ...

   (2) No fiduciary who has authority or discretion to control or manage the assets of a plan shall permit the plan to hold any employer security or employer real property if he knows or should know that holding such security or real property violates section 1107(a) ... (b)(1) A fiduciary with respect to a plan shall not deal with the assets of the plan in his own interest or for his own account,

   (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party ... whose interests are adverse to the interests of the plan or ... its participant or beneficiaries, or

   (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan ...

3. Section § 1132(a)(3) provides,

   A civil action may be brought—by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

4. More specifically, plaintiffs allege that defendants' breached their fiduciary duties causing damages of no less than $175,000 as follows:

   1—a violation of 29 U.S.C. § 1104(a)(1)(A);
   2—a violation of § 1104(a)(1)(B);
   3—a violation of § 1104(a)(1)(D);
   4—a violation of § 1106; and
   5—a request for equitable relief pursuant to § 1132(a)(3).

5. Sections 1002(14) and (21) define party in interest and fiduciary. Section 1002(14) provides,

   The term "party in interest" means, as to an employee benefit plan—

MassMutual's agents, and that MassMutual is responsible for NEBS' and the Cordrys' alleged misappropriation of plan funds.

MassMutual subsequently answered, denying that it owed or breached any duty owing to the plan, and denying that NEBS and the Cordrys were its agents. MassMutual counter-claimed against the trustees and cross-claimed against NEBS and the Cordrys. In its counter-claim MassMutual makes the following allegations:

[i]f Plaintiffs sustained damages as alleged in their First Amended Complaint, then such damages were proximately caused by the acts and omissions of Plaintiffs, NEBS and the Cordry defendants, and each of them, by reason of their failure to properly direct, control and supervise plan funds and assets and by breaching their fiduciary duties under ERISA.

If MassMutual is adjudicated liable of any of the claims asserted against it by Plaintiffs, which liability MassMutual denies, then such liability is necessarily based on passive conduct by MassMutual, and MassMutual is entitled to full equitable indemnity from Plaintiffs and from NEBS and the Cordry defendants whose acts and omissions are active and the primary, direct and proximate causes of the damages alleged in the First Amended Complaint.

MassMutual seeks a determination and declaration as between and among MassMutual, Plaintiffs, NEBS and the Cordry defendants, and each of them, of the parties' rights, liabilities and obligations, and specifically, MassMutual's rights and purported obligations to Plaintiffs and the plan or plans that are the subject of the First Amended Complaint ...

In this motion the trustees move to dismiss MassMutual's counter-claim on the ground that a cause of action by a breaching fiduciary, such as MassMutual, against a co-fiduciary is prohibited under ERISA. Moreover, the trustees argue that even if MassMutual is not a fiduciary, its claim should nonetheless be dismissed because it lacks standing to bring this counter-claim under both ERISA and federal common law.

## II. *Standard*

A complaint may not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). In considering a motion to dismiss, the court must accept all material allegations of the complaint as true. *NL Industries, Inc. v. Kaplan,* 792 F.2d 896, 898 (9th Cir.1986). Moreover, in evaluating the complaint, the court is to construe the pleading in the light most favorable to the pleader and all doubts are to be resolved in the pleader's favor. *Jenkins v. McKeith-*

(A) any fiduciary (including, but not limited to, any administrator, officer, trustee, or custodian), counsel, or employee of such employee benefit plan;
(B) a person providing services to such plan;
...
Section 1002(21) provides,
(A) ... a person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercised any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation ... with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan ...

(B) If any money or other property of an employee benefit plan is invested in securities issued by an investment company under the Investment Company Act of 1940, such investment shall not by itself cause such investment company ... to be deemed to be a fiduciary or a party in interest
Pursuant to § 1102(a)(1), every ERISA benefit plan "shall provide for one or more named fiduciaries who jointly or severally shall have authority to control and manage the operation and administration of the plan." A named fiduciary is one "who is named in the plan instrument, or who, pursuant to a procedure specified in the plan, is identified as a fiduciary (A) by a person who is an employer or employee organization with respect to the plan or (B) by such an employer and such employee organization acting jointly."

*en,* 395 U.S. 411, 421, 89 S.Ct. 1843, 1848, 23 L.Ed.2d 404 *reh'g denied,* 396 U.S. 869, 90 S.Ct. 35, 24 L.Ed.2d 123 (1969); *Gillespie v. Civiletti,* 629 F.2d 637, 640 (9th Cir.1980).

## III. *The Trustees' Motion*

As the Supreme Court has noted, a right of action for contribution may arise "through the affirmative creation of a right of action by Congress, either expressly or by clear implication; or, second, through the power of federal courts to fashion a federal common law of contribution. *Texas Industries, Inc. v. Radcliff Materials, Inc.,* 451 U.S. 630, 639–40, 101 S.Ct. 2061, 2066–67, 68 L.Ed.2d 500 (1981) (defendant in antitrust case against whom civil damages, costs and attorney's fees were assessed had no right to contribution, under either federal statutory or common law, from other participants in the unlawful conspiracy on which recovery was based). In this motion, the trustees argue that no right of indemnification exists for MassMutual under either the provisions of ERISA or federal common law [6].

### A. Express Right of Action

29 U.S.C. § 1109 affords the means by which an ERISA plan can recoup losses caused by a breaching fiduciary. Section 1109 provides,

> [a]ny person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary ...

Section 1132(a)(2) gives four parties standing to civilly enforce § 1109 on behalf of the plan: participants, beneficiaries, fiduciaries, and the Secretary of Labor.

Section 1132(a)(3) creates a second means by which an ERISA plan can obtain relief. This section provides standing for plan participants, beneficiaries and fiduciaries to "enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or to obtain other appropriate equitable relief to redress such violations or to enforce any provisions of this subchapter or the terms of the plan."

Based on the foregoing provisions, the trustees argue that an express cause of action for the relief which MassMutual seeks is not provided under ERISA.

MassMutual does not focus on this contention, opting instead to argue that a cause of action can be implied under ERISA or developed under federal common law.

### B. Implied Right of Action

■ The trustees argue that MassMutual cannot proceed with their counter-claim on the theory that an implied right of action exists under ERISA because the language, legislative history, and purpose and structure of the statute all indicate that Congress did not intend to provide such an implied right of action. The trustees contend that their position is supported by the Ninth Circuit's decision in *Kim v. Fujikawa,* 871 F.2d 1427 (9th Cir.1989) wherein the court stated,

> the Supreme Court has noted that, in light of "ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a 'comprehensive and reticulated statute,'" it seems clear that "Congress did *not* intend to authorize other remedies [under ERISA] that it simply forgot to incorporate expressly." Given this observation, we cannot agree with [the defendant's] contention that Congress implicitly in-

---

**6.** The court is fully aware of the distinction between a right of contribution and a right of indemnification. However, neither party differentiates between a right of action for contribu-

tion and one for indemnification. Given the court's decision to grant plaintiffs' motion, the importance of the distinction here is minimal.

tended to allow a cause of action for contribution under ERISA.

871 F.2d at 1432 (*quoting Massachusetts Mutual Life Ins. Co. v. Russell*, 473 U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985) (emphasis in original) *quoting Nachman Corp. v. Pension Benefit Guaranty Corp.*, 446 U.S. 359, 361, 100 S.Ct. 1723, 1726, 64 L.Ed.2d 354 (1980). *See also Call v. Sumitomo Bank of California*, 881 F.2d 626 (9th Cir.1989)). The court in *Kim* applied the foregoing reasoning to determine that implying a right of contribution for a fiduciary would be inappropriate since the party seeking contribution is a member of the class whose activities Congress intended to regulate.

In answer to MassMutual's contention that it is not a fiduciary and that *Kim* therefore does not prevent it from maintaining its action for indemnification, the trustees argue that it is nonetheless barred from asserting a claim for equitable relief under ERISA. The Supreme Court's characterization of ERISA as a comprehensive and reticulated statute, and its conclusion that Congress did not provide, nor intend the judiciary to provide, remedies which are not expressly set forth therein, (*Massachusetts Mutual Life Ins. Co. Russell*, 473, U.S. 134, 146, 105 S.Ct. 3085, 3092, 87 L.Ed.2d 96 (1985)) led the Ninth Circuit in *Kim* to determine that a cause of action for contribution, a remedy not specifically provided for by ERISA, is improper. The trustees argue that the reasoning of *Russell* and *Kim* is applicable to this case and forces the conclusion that MassMutual's action for indemnification cannot be brought as an implied right of action under ERISA.

The court agrees with the trustees that a federal statutory right of action for indemnification cannot be implied from ERISA. One of the questions facing the Supreme Court in *Russell* was whether or not an ERISA plan beneficiary could sue to recover extra-contractual damages pursuant to an implied right of action. Applying the four-factor analysis that it used in *Cort v. Ash*, 422 U.S. 66, 78, 95 S.Ct. 2080, 2088, 45 L.Ed.2d 26 (1975), the Court determined that such a remedy could not be implied from the statute [7]. The Court's language mandates the conclusion that ERISA does not provide MassMutual with an implied statutory right of action for indemnification:

> [t]he six carefully integrated civil enforcement provisions found in § 502(a) of the statute as finally enacted ... provide strong evidence that Congress did not intend to authorize other remedies that it simply forgot to incorporate expressly. The assumption of inadvertent omission is rendered especially suspect upon close consideration of ERISA's interlocking, interrelated, and interdependent remedial scheme, which is in turn part of a "comprehensive and reticulated statute."
>
> ... "[W]here a statute expressly provides a particular remedy or remedies, a court must be chary of reading others into it." "The presumption that a remedy was deliberately omitted from a statute is strongest when Congress has enacted a comprehensive legislative scheme including an integrated system of procedures for enforcement."

473 U.S. at 146–47, 105 S.Ct. at 3092–93 *quoting Transamerica Mortgage Advisors, Inc. v. Lewis*, 444 U.S. 11, 19, 100 S.Ct. 242, 246, 62 L.Ed.2d 146 (1979) and *Northwest Airlines, Inc. v. Transport Workers*, 451 U.S. 77, 97, 101 S.Ct. 1571, 1583, 67 L.Ed.2d 750 (1981).

### C. Right of Action under Federal Common Law

■ A federal court may develop federal common law where necessary to protect uniquely federal interests and where Congress has given the courts power to develop substantive law. *Texas Indus.*, 451 U.S. at 642, 101 S.Ct. at 2067. Federal interests involve "the duties of the Federal Govern-

---

7. The *Cort* factors applied in *Russell* were: (1) the claimant's status as a member of the class for whose benefit the statute was enacted; (2) the lack of a state remedy; (3) legislative intent; and (4) consistency with the legislative scheme.

The *Russell* Court found that while the first two factors worked in favor of implying a right of action to sue for extra-contractual damages, the latter two did not.

ment, the distribution of powers in our federal system, or matters necessarily subject to federal control." *Id.* at 642, 101 S.Ct. at 2068.

■ The trustees argue that the foregoing considerations do not warrant the development of a federal common law right of action for indemnification here. First, creating a right of action for MassMutual does not implicate a uniquely federal interest. The trustees assert that "[e]ven if it could be said that vindicating a breaching fiduciary arises from and supplements ERISA enforcement, pursuant to *Texas Indus.* this would be insufficient to implicate uniquely federal interests of the kind necessary to develop federal common law. MASS MUTUAL's counterclaim does not implicate the distribution of powers in the federal system, or the duties of the federal government. Therefore a federal common law of indemnity in favor of a breaching fiduciary cannot be created on this basis."

Second, although the trustees admit that Congress empowered the courts to develop a body of federal common law governing employee benefit plans (*Pilot Life Insurance Company v. Dedeaux*, 481 U.S. 41, 56, 107 S.Ct. 1549, 1557, 95 L.Ed.2d 39 (1987)), they argue that "the development of federal common law must stay within the bounds of ERISA's civil enforcement provisions." (*See, Mutual Life Ins. Co. of New York v. Yampol*, 706 F.Supp. 596 (N.D.Ill.1989) (court refused to create a federal common law cause of action for contribution for a fiduciary under ERISA.)

In response, MassMutual notes that Congress recently re-asserted its intent that courts develop federal common law under ERISA. The Conference Agreement to the Omnibus Budget Reconciliation Act of 1989, which added a new section to ERISA, provides,

> [i]n recent years, these benefits have grown in importance to workers, retirees and their families. But, as plan assets have multiplied and the number of plans has increased, the Department of Labor has become increasingly less able to fulfill its responsibility to detect and deter abuse of plan assets. The Department's resources have not kept pace with these increases, inevitably straining their capabilities to protect plan participants. In fact, the Department's own inspector general has recently made the point that, given its limited resources, the Department must restructure its enforcement efforts to emphasize deterrence. For these reasons, it has become apparent that the Department must use its enforcement powers more vigorously to make the protection of ERISA meaningful. The conferees believe strengthened civil penalties will better enable the Department to protect participants and beneficiaries. The conferees further believe that the need for strengthened enforcement and deterrence of violations of ERISA applies not only to the Department of Labor, but to judicial oversight of private rights of action affecting employee benefit plans. It remains the intent of Congress that the courts use their power [to] fashion legal and equitable remedies that not only protect participants and beneficiaries but deter violations of the law as well. The conferees expect that the executive agencies and the courts will use their substantial authority to achieve these goals and to safeguard the rights of plan participants.

House Conf.Rep. No. 101–386, 432. Reprinted in 1989 U.S.Code Cong. & Admin.News 1906, 3018, 3035–36. Furthermore, the Ninth Circuit has determined that courts may create federal common law to supplement ERISA interstitially, to develop standards that ERISA only generally develops, and to develop principles to govern areas of law which were previously governed by state law. *Menhorn v. Firestone Tire and Rubber Company*, 738 F.2d 1496, 1499 (9th Cir.1984).

MassMutual argues that in contending that the federal courts may not engraft a remedy on a statute that Congress did not intend to provide, the trustees have confused an implied right of action under ERISA with a right created by federal common law. It further argues public policy suggests that this court should create a federal common law right of indemnity. In MassMutual's words, "[d]isallowing contribution and indemnity leads to inequalities.

It permits culpable parties to sue preemptively to avoid liability ... The Trustees should be forced to accept responsibility for their failure to safeguard Plan funds. It is inequitable to hold only some of the alleged wrongdoers accountable to the Plan."

In order for the court to grant the trustees' motion to dismiss, there must be no set of facts which would entitle MassMutual to relief. In the court's opinion, the crux of this motion boils down to a question of standing. MassMutual asserts that it is not a fiduciary, and because is a motion to dismiss, MassMutual's assertion must be accepted as true. Given its non-fiduciary character, MassMutual plainly does not have standing to sue on a cause of action for indemnification under the express provisions of ERISA. Nor, as discussed above, is standing for this cause of action implied under ERISA. The remaining question, therefore, is whether or not MassMutual should have standing to sue for indemnification under federal common law.

MassMutual does not contend that federal common law should be developed to allow its counter-claim on the ground that it is a uniquely federal interest. Instead, it contends that Congress has given the courts the power to develop substantive law and that its cause of action for indemnification should therefore be permitted. The question of whether MassMutual should have standing under federal common law is thus further narrowed to the question of whether or not this is the type of claim which Congress would want the federal courts to create.

The three reasons given by the trustees against developing federal common law in this manner are not convincing. First, their assertion that the Ninth Circuit has already decided this issue in their favor is inaccurate. The trustees confuse an implied right of action, disallowed by the Circuit, with a federal common law right of action. The Ninth Circuit cases cited by the trustees cannot fairly be read to have ruled out the possibility of a federal common law right of action for indemnity because this issue was not expressly before those courts.

In the trustees' second argument they assert that relief runs only to the plan. Therefore, MassMutual cannot maintain a claim the benefit of which would not inure to the plan. However, such an interpretation would limit a possible federal common law cause of action to the terms of the statute. The court is under the impression that the creation of a federal common law cause of action is the result of a perceived need to go beyond the terms of the statute where it is necessary to do so in order to accomplish the statute's purpose, yet while not straying from the spirit of the legislation. If a federal common law cause of action is limited to the terms of the statute as the trustees argue, any federal common law cause of action would be redundant. Therefore, this argument must fail.

The trustees' last assertion, that MassMutual has failed to plead any facts suggesting the need for indemnity is also unpersuasive. The court may grant a motion to dismiss only if it appears beyond doubt that the non-movant can *prove* no set of facts in support of its allegations.

The Ninth Circuit has recognized three purposes for the federal common law that Congress intended would be developed in connection with ERISA: to fill gaps, to develop standards set out in general terms, and to govern areas previously governed by state law. MassMutual has not indicated which of these three purposes would be served by the creation of a federal common law cause of action for indemnification, but that is of no great consequence as the court finds MassMutual's argument in favor of a federal common law right of action as unconvincing as the trustees' argument against it. However, the court is nonetheless of the opinion that there is no need to develop a federal common law right of action for indemnification. If MassMutual is not a fiduciary it cannot be held liable under § 1109. If it is a fiduciary, it is only liable to the degree to which it breached its duties as a fiduciary. During oral argument, the trustees acknowledged that fiduciaries cannot be held vicariously liable. Thus, under no circumstances could MassMutual be held accountable for any wrongdoing on the part of the trustees. If

there can be no vicarious liability, there is no need for indemnification. Furthermore, § 1132(a)(3) provides that the trustees can sue for *equitable* relief. In such a case a federally developed common law cause of action for indemnification would not be implicated. Thus, MassMutual is fully protected against being held monetarily responsible for any wrongdoing but its own; no need for indemnification exists. Accordingly, the trustees' motion to dismiss is granted.

### IV. *MassMutual Seeks Realignment of the Parties*

■ MassMutual requests that the trustees be realigned as defendants in this action. According to MassMutual, the trustees, not MassMutual, selected NEBS and the Cordrys as the plan administrators. Therefore, a conflict of interest exists by reason of the fact that the trustees are prosecuting this case as plan participants yet could possibly be held liable to the plan in their capacities as fiduciaries/trustees.

The court agrees with the trustees that MassMutual's request for realignment is not properly before the court on this motion. The local rules require a party to give notice of a motion, with the exception that counter motions related to the original motion may be raised by way of opposition. LR 230(b) and (e). MassMutual's request for realignment is not sufficiently related to this motion to dismiss for it to be rightfully brought up on opposition. Therefore, the court declines to rule on MassMutual's request for realignment.

### V. *MassMutual Requests Leave to Amend its Counter-claim to Add Alternative Claims for Breach of Fiduciary Duty*

■ In the event that the court determines that MassMutual may not pursue its counter-claim against the trustees for indemnity, it requests leave to amend in order to assert counter-claims against the trustees for breach of fiduciary duty, and cross-claims as appropriate. MassMutual argues that under FRCP 8(e)(2) it may maintain its current position that it was not a fiduciary, but plead in the alternative that it was a fiduciary and therefore bring a claim against the trustees as co-fiduciaries. The trustees oppose this request, arguing that although FRCP 8(e)(2) allows alternative pleading, it does not allow the alternative pleading of a claim which cannot state allegations upon which relief can be granted.

The court finds the trustees' objection to MassMutual amending its counter-claim unpersuasive on the grounds that it is conclusory and a pseudo-motion to dismiss. As § 1132 provides, any fiduciary has standing to civilly enforce § 1109 on behalf of the plan and/or to sue on behalf of the plan for equitable relief. Therefore, as a fiduciary, MassMutual would have standing to sue pursuant to the provisions of § 1132. Accordingly, leave to amend its counter- and cross-claims in order to assert a claim in accordance with § 1132 is hereby granted.

ACCORDINGLY, IT IS ORDERED that plaintiff's motion to dismiss defendant Massachusetts Mutual's counter-claim is granted. IT IS FURTHER ORDERED that defendant Massachusetts Mutual has 30 days within which to amend its counter- and cross-claims in order to assert a claim in accordance with § 1132.